UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

S.A. and R.A., individually and on behalf of A.A.,

       *Plaintiffs*,

     - against -

New York City Department of Education

       *Defendant*.

_____

COMPLAINT

Case No. 1:19-cv-1833
IHO No. 172687

S.A. and R.A., individually and on behalf of A.A., a child with a disability, for their

complaint hereby alleges:

1. This is an action brought pursuant to the fee shifting provisions of the

Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C.

§1415(i)(3).

2. At all times relevant to this action, Plaintiffs S.A. and R.A. and their daughter

A.A. resided within the territorial jurisdiction of the defendant New York City

Department of Education ("Defendant" or "Department").

3. Plaintiffs S.A. and R.A. are the parents of a child with a disability as defined

by IDEA, 20 U.S.C. §1401(3)(A).

4. Defendant is a local educational agency as defined by IDEA, 20 U.S.C.

§1401(19), and, as such, is obligated to provide educational and related programs and

services to its students in compliance with the applicable federal and state statutes,

regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. §1400 *et seq.* and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

5.  Jurisdiction is predicated upon 28 U.S.C. §1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. §1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

6.  Venue is predicated upon 28 U.S.C. §1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. §1391(b)(2) based upon the location of the subject matter of this action.

**FACTUAL BACKGROUND AND EXHAUSTION OF ADMINISTRATIVE PROCESS**

7.  By letter dated February 27, 2018, and amended letter dated June 4, 2018, Plaintiffs S.A. and R.A. requested a due process hearing on behalf of A.A. pursuant to 20 U.S.C. §1415(f)(1).

8.  Plaintiffs S.A. and R.A. sought a determination that the Department had denied A.A. a free appropriate public education for the 2017-2018 school year, an order that the Department provide tuition funding for Gesher Yehuda for the 2017-2018 school year, and such other relief as the impartial hearing officer would determine to be fair and just.

9.  Impartial Hearing Officer ("IHO") Diane Cohen was assigned to the case.

10.  An impartial hearing was conducted on April 5, May 8, July 12, August 6, August 21, and September 7, 2018.

11.  Following the close of hearing, the IHO issued a decision ("IHO Decision") dated October 25, 2018.

12.  The IHO found that the Department had denied the student a free appropriate public education for the 2017-2018 school year and ordered the Department to provide the Plaintiffs with tuition reimbursement upon proof of payment and direct payment to Gesher Yehuda for the remainder of the tuition owed to Gesher Yeshuda for the 2017-2018 school year, up to a total of $32,535.

13.  Neither party appealed the decision of the IHO.  Thus, the decision is final.

14.  Plaintiffs are a prevailing party by virtue of the IHO's decision.

**FIRST CAUSE OF ACTION**

15.  Plaintiffs repeat and reallege paragraphs 1 through 14 as if more fully set forth herein.

16.  Plaintiffs have submitted to the Department a request for payment for services rendered ("attorney fee claim").

17.  Plaintiffs have attempted, without success, to resolve the attorney fee claim.

18.  Settlement negotiations have not occurred because Respondent has been unresponsive to attempts to initiate settlement discussions.

19.  Plaintiffs hereby demand reasonable attorney fees and expenses pursuant to 20 U.S.C. §1415(i)(3) for services rendered on the above noted administrative proceedings.

20.  Defendant has not satisfied its obligation to pay attorney fees in a timely fashion.  Thus, Plaintiffs demand prejudgment interest.

**SECOND CAUSE OF ACTION**

21.  Plaintiffs repeat and reallege paragraphs 1 through 20 as if more fully set forth herein.

22.  Plaintiffs hereby demand reasonable attorney fees and expenses for services rendered on this action.

WHEREFORE, Plaintiffs respectfully request that this Court:

(1)  Assume jurisdiction over this action;

(2)  Award to the Plaintiffs costs, expenses, and attorney fees together with prejudgment interest for the administrative proceedings pursuant to 20 U.S.C. §1415;

(3)  Award to Plaintiffs the costs, expenses, and attorney fees of this action pursuant to 20 U.S.C. §1415; and

(4)  Grant such other and further relief as the Court deems just and proper.

Dated: February 26, 2019
      New York, New York

Respectfully,

*/s/ Adam Dayan*

_____
Adam Dayan, Esq. (AD 5445)
*Attorney for Plaintiffs*
Law Offices of Adam Dayan, PLLC
222 Broadway, 19th Floor
New York, New York 10038
Phone: (646) 866-7157
Facsimile: (646) 866-7541
adayan@dayanlawfirm.com

4